JUSTICE LEAPHART,
dissenting.
¶26 I concur as to issue two and dissent on issue one.
¶27 In resolving the first issue as to the award of attorney fees and costs, the Court recognizes that the Declaration document contains two separate “enforcement” provisions, both of which apply to all provisions and conditions contained within the entire Declaration. The enforcement provision in Article VIII however is more specific than the enforcement provision in Article IV in that it provides for an award of fees and costs.
¶28 As the Court recognizes, we must interpret the Declaration so as to give effect to all its provisions and not omit language which has been included. Sections 1-4-101 and 28-3-202, MCA. Having recognized this statutory directive, the Court proceeds to violate the princi *203 pie by concluding that the fees and costs provision has no application outside of Part I. In other words, as to all the provisions of Part II of the Declaration, the fees and costs provision is “omitted.”
¶29 To the extent that the two provisions overlap one another, they are merely redundant. To the extent one is more specific than the other (e.g., providing for fees and costs), the more specific must take precedence so as to give effect to all the provisions of the Declaration.
¶30 As required by statute, I would interpret the Declaration so as to give effect to all its provisions, both Article IV and Article VIII. Article VIII (Enforcement), in very broad terms, encompasses all “restrictions, conditions, covenants, reservations, and charges now or hereinafter proposed by the provisions of this Declaration.” Since the MAHA’s complaint sought to enforce restrictive covenants contained in the Declaration, it comes within the ambit of the Article VIII fee provision. I would affirm the judgment of the District Court.
JUSTICE TRIEWEILER and JUSTICE HUNT join the foregoing dissenting opinion.